John E. Feeley, SBN 115598
Email: jfeeley@insurlaw.com
Andrew M. Sussman, SBN 112418
Email: asussman@insurlaw.com
SMITH SMITH & FEELEY LLP
1401 Dove Street, Suite 610
Newport Beach, California 92660
Telephone: 949.263.5920
Facsimile: 949.263.5925

Attorneys for Plaintiff AIX SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIX SPECIALTY INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DIANE PECHENICK, an individual; HEALING DIVES, INC., a Nevada corporation; and OXY-HEALTH, LLC, a California limited liability company,<br><br>Defendants. | CASE NO. 2:17-cv-7987<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT** |

Plaintiff AIX Specialty Insurance Company ("AIX") alleges against defendants Healing Dives, Inc. ("HDI"), Diane Pechenick ("Pechenick") and Oxy-Health, LLC ("Oxy-Health") (collectively, "defendants"), the following:

///

///

- 1 -
Complaint for Declaratory Relief and Reimbursement

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. section 1332, because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. The Central District of California is the proper venue for this action pursuant to 28 U.S.C. section 1391(b)(2), in that a substantial part of the events giving rise to the claim for which insurance coverage is sought occurred in Los Angeles County, California.

## THE PARTIES

3. AIX is, and at all relevant times was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business and headquarters in Windsor, Connecticut.

4. On information and belief, Pechenick is, and at all relevant times was, an individual and a citizen of the State of California who resides in Woodland Hills, Los Angeles County, California.

5. On information and belief, HDI is, and at all relevant times was, a Nevada corporation with its principal place of business and headquarters in Woodland Hills, Los Angeles County, California.

6. On information and belief, Oxy-Health is, and at all relevant times was, a California limited liability company with its principal place of business in Santa Fe Springs, Los Angeles County, California. Oxy-Health has been sued and will be served with this complaint so that it will be bound by the requested judgment of non-coverage. AIX is not seeking any type of monetary damages against Oxy-Health.

## NATURE OF ACTION

7. AIX seeks a declaratory judgment, pursuant to 28 U.S.C. section 2201, that it has no duty to defend or indemnify HDI and Pechenick

against a lawsuit entitled *Oxy-Health, LLC v. Pechenick, et al.,* United States District Court, Central District of California, Case No. 2:17-CV-04351 RSWL (the "Underlying Action"). AIX also seeks a judicial declaration that it is entitled to reimbursement from defendants (excluding Oxy-Health) of all attorneys' fees, costs and indemnity payments that AIX has incurred and, during the pendency of this lawsuit, will incur, with respect to the defense of HDI and Pechenick in the Underlying Action.

## PRELIMINARY ALLEGATIONS

8. AIX issued its commercial general liability policy no. L1XA281349, which was in effect from April 21, 2014 to April 21, 2015 and successively renewed thereafter for three consecutive annual terms, through April 21, 2018 ("AIX Policies").

9. On June 12, 2017, Oxy-Health commenced the Underlying Action against HDI and Pechenick, alleging claims for: (1) breach of settlement agreement; (2) trademark infringement; (3) trademark dilution; (4) unfair competition and false advertising under U.S.C. Section 1125(a); and (5) unfair competition and false advertising under Cal. Bus. & Prof. Code Sections 17200 and 17500 et seq. Oxy-Health alleges $5,000,000 in damages.

10. AIX is presently defending HDI and Pechenick against the Underlying Action under a reservation of rights to deny defense and indemnity coverage.

## FIRST CLAIM FOR RELIEF

**(For Declaratory Relief Against Defendants HDI and Pechenick–**

**No Duty to Defend)**

11. AIX incorporates by reference paragraphs 1 through 10, above, as though fully set forth herein.

///

12. For the reasons alleged above, AIX alleges that the AIX Policies do not potentially cover any of the claims alleged in the Underlying Action. Thus, AIX contends that it has no duty to defend HDI and Pechenick in the Underlying Action.

13. AIX is informed and believes and based thereon alleges that defendants dispute the contentions set forth in paragraph 12.

14. An actual and bona fide controversy has arisen and now exists between AIX on the one hand and defendants, on the other hand, as to whether or not AIX owes HDI and Pechenick a defense to the Underlying Action pursuant to the AIX Policies. A judicial declaration is necessary and appropriate so that the parties may ascertain their rights and duties under the AIX Policies. No other adequate or speedy remedy exists for resolution of this controversy.

## SECOND CLAIM FOR RELIEF

**(For Declaratory Relief Against Defendants HDI and Pechenick –**

**No Duty to Indemnify)**

15. AIX incorporates by reference paragraphs 1 through 14 above as though fully set forth herein.

16. AIX contends that the AIX Policies do not cover any of the damages that might be or were awarded against HDI and Pechenick, or either of them, in the Underlying Action. Thus, AIX contends that it has no duty to indemnify HDI and Pechenick in the Underlying Action.

17. AIX is informed and believes and based thereon alleges that defendants dispute the contentions set forth in paragraph 16.

18. An actual and bona fide controversy has arisen and now exists between AIX, on the one hand, and defendants, on the other hand, as to whether or not the AIX Policies cover any of the damages that might be awarded against HDI and Pechenick, or either of them, in the

- 4 -

Complaint for Declaratory Relief and Reimbursement

Underlying Action. A judicial declaration is necessary and appropriate so that the parties may ascertain their rights and duties under the AIX Policies. No other adequate or speedy remedy exists for resolution of this controversy.

## THIRD CLAIM FOR RELIEF

### (For Equitable Reimbursement of Defense Costs Against Defendants HDI and Pechenick)

19. AIX incorporates by reference paragraphs 1 through 18 above as though fully set forth herein.

20. AIX alleges that because it never had a contractual obligation to defend HDI and Pechenick in the Underlying Action, it is entitled to reimbursement from defendants (except Oxy-Health) for the fees, costs and expenses it has advanced on behalf of HDI and Pechenick in the Underlying Action pursuant to *Buss v. Superior Court*, 16 Cal.4th 35 (1997).

21. AIX is informed and believes and based thereon alleges that defendants dispute the contentions set forth in paragraph 20.

22. An actual and bona fide controversy has arisen and now exists between AIX on the one hand and defendants, on the other hand, as to whether or not AIX is entitled to reimbursement from HDI and Pechenick for the fees, costs and expenses it has advanced on behalf of HDI and Pechenick in the Underlying Action. A judicial declaration is necessary and appropriate so that the parties may ascertain their rights and duties under the AIX Policies. No other adequate or speedy remedy exists for resolution of this controversy.

/ / /

/ / /

/ / /

## FOURTH CLAIM FOR RELIEF

## (For Equitable Reimbursement of Indemnity Payment Against Defendants HDI and Pechenick)

23. AIX incorporates by reference paragraphs 1 through 22 above as though fully set forth herein.

24. Pursuant to the California Supreme Court decision of *Blue Ridge Insurance Company v. Jacobsen*, 25 Cal.4th 489 (2001), a liability insurer defending a suit under a reservation of rights may recover settlement payments made pursuant to a reasonable settlement offer over the objection of the insured, or payments made to satisfy a judgment against the insured, when it is later determined that the underlying claim is not covered under the policy.

25. Because AIX does not have a contractual obligation to indemnify HDI and Pechenick in the Underlying Action, AIX is entitled to reimbursement of any settlement or judgment payments from defendants (except Oxy-Health), which AIX may pay on their behalf with respect to the Underlying Action, pursuant to *Blue Ridge Insurance Company v. Jacobsen*, 25 Cal.4th 489 (2001).

26. AIX is informed and believes and based thereon alleges that defendants dispute the contentions in paragraph 25.

27. An actual and bona fide controversy has arisen and now exists between AIX on the one hand and defendants, on the other hand, as to defendants' settlement or judgment payment rights and AIX's obligations. A judicial declaration is necessary and appropriate so that the parties may ascertain their rights and duties under the AIX Policies. No other adequate or speedy remedy exists for resolution of this controversy.

///

///

WHEREFORE, AIX prays for judgment as follows:

1. For a judicial declaration that AIX has no duty to defend HDI and Pechenick in the Underlying Action;

2. For a judicial declaration that AIX has no duty to indemnify HDI and Pechenick in the Underlying Action;

3. For an order permitting AIX to withdraw from the defense of HDI and Pechenick in the Underlying Lawsuit;

4. For a judicial declaration of coverage obligations of AIX with respect to HDI and Pechenick in connection with the Underlying Action;

5. For a judicial declaration that AIX is entitled to reimbursement from defendants (except Oxy-Health) of all defense costs paid by AIX for HDI and Pechenick in the Underlying Action;

6. For a judicial declaration that AIX is entitled to reimbursement from defendants (except Oxy-Health) for any settlement or judgment amounts that AIX advances or has advanced on behalf of HDI and Pechenick in the Underlying Action;

7. For costs of suit herein; and

8. For such other and further relief as the court deems just and proper.

DATED: November 1, 2017        SMITH SMITH & FEELEY LLP

By: /s/ Andrew M. Sussman
   John E. Feeley
   Andrew M. Sussman
   Attorneys for Plaintiff
   AIX SPECIALTY INSURANCE COMPANY